UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY PAUL BARNARD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00276-JAW |
| | ) | |
| STATE OF MAINE, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Jeffrey Paul Barnard, an inmate currently incarcerated at the Somerset County Jail, seeks to recover for injuries he alleges he sustained in a 2014 standoff in Ellsworth, Maine, which standoff involved state, county and municipal law enforcement officers. Plaintiff also purports to assert a claim on behalf of his wife, Vicki Barnard.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 3.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 29 U.S.C. § 1915A(a).

Following a review of the pleadings, I recommend the Court dismiss all defendants named in the caption unless Plaintiff amends his complaint, in accordance with the recommendation, to assert an actionable claim against one or more of the named defendants. I also recommend the Court construe Plaintiff's complaint to assert a federal claim against Officer Troy Bires.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal

pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND

In his complaint, Plaintiff names as Defendants the State of Maine, the Maine State Police, the City of Ellsworth, the Ellsworth Police Department, the Hancock County Sheriff Department, the City of Bangor, and the Bangor Police Department. As alleged, each of these entities employed law enforcement officers who were present at the standoff which ended with the use of "extreme excessive force." (Complaint at 3.)

The only individual officer identified in the complaint is Officer Troy Bires. According to Plaintiff, Officer Bires was the first officer on the scene. Plaintiff alleges Officer Bires is responsible for his injuries as follows:

> This started out as a civil matter, but because of the police officer [who] was first on the scene, [t]he situation became out of control. The responding office[r], Troy Bires, pulled out his gun, pointed it at this plaintiff[], without any provocation from above plaintiffs. He kept his gun pointed at [my] head trying [to] intimidate me, yelling and screaming at me to give him the tractor key I had. I s[h]owed this officer I was unarmed, still he kept his gun pointed at my head. I was not [a] threat to him.

(*Id.* at 3, ¶ IV.)

Plaintiff further asserts:

> [M]y wife and I are seeking at this time … [t]o make sure this officer is exposed, and his unjust actions brought to the public[']s attention, [s]o he does not do this again to another human being. I was shot in the face because of this officer['s] abuse of power, and then extreme excessive force was used to end this standoff.

(*Id.* at 3, ¶ V.)

Plaintiff filed as attachments to his complaint several notices he sent to each of the state, county and municipal defendants to give notice of his intent to file tort claims subject to the Maine Tort Claims Act. In the notices to the police and sheriff department defendants, Plaintiff named multiple individual officers who evidently were present at the standoff, but he did not allege any facts regarding the officers' particular involvement in the standoff.

## DISCUSSION

Preliminarily, as a pro se litigant, Plaintiff cannot pursue an action on behalf of his wife. *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel.") (citing 28 U.S.C. § 1654). In order for Vicki Barnard to join this action as a plaintiff, she must sign the complaint. Fed. R. Civ. P. 11(a). Additionally, in order to proceed in forma pauperis, she must provide an application and affidavit demonstrating her inability to pay fees and costs. D. Me. Loc. R. 3.

As to his individual claim, Plaintiff does not allege facts in his complaint to support a claim against the State of Maine, the City of Ellsworth, or the City of Bangor. In addition, the mere presence of law enforcement officers does not generate an action against the State Police, the Ellsworth Police Department, or the Bangor Police Department. Plaintiff thus has not alleged any facts to support a claim against any of the entities named in the caption of Plaintiff's complaint.

Although Plaintiff did not identify Officer Troy Bires in the caption of the complaint, Plaintiff asserts particular facts regarding Officer Bires's involvement in the standoff, and it is evident Plaintiff wishes to assert a claim against Officer Bires. More specifically, Plaintiff alleges that Officer Bires, without provocation, pointed a gun at and intimidated him. (Complaint at 3, ¶ IV.) Plaintiff also maintains that he was shot as the result of Officer Bires's abuse of power. (Complaint at 3, ¶ V.) Plaintiff's factual allegations against Officer Bires are sufficient to support

a claim under 42 U.S.C. § 1983 for the alleged deprivation of Plaintiff's right under the Fourth Amendment to be free from the use of excessive force. *See Stamps v. Town of Framingham*, 813 F.3d 27, 42 (1st Cir. 2016) ("[P]ointing a firearm at a person in a manner that creates a risk of harm incommensurate with any police necessity can amount to a Fourth Amendment violation."). Plaintiff thus has asserted an actionable claim against Officer Bires.

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend that unless within the time to file an objection to this recommended decision, Plaintiff files an amended complaint in which he asserts an actionable claim against one or more of the named Defendants, the Court dismiss all state, county, and municipal entities named in the caption of Plaintiff's complaint. I also recommend the Court construe the complaint to assert a federal claim against Officer Troy Bires,[1] and order service of the complaint against Officer Bires. Finally, I recommend the Court determine that Plaintiff cannot assert a claim on behalf of his wife, Vicki Barnard, and, to the extent Plaintiff has asserted a claim on her behalf, the Court dismiss the claim, subject to Vicki Barnard's right to assert a claim on her own behalf.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[1] As a general rule, courts construe pro se complaints "liberally." *Foley v. Wells Fargo Bank. N.A.*, 772 F.3d 63, 75 (1st Cir. 2014).

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of June, 2016.