UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY PAUL BARNARD, | ) |
| | ) |
| Plaintiff | ) |
| | )   1:16-cv-00276-JAW |
| v. | ) |
| | ) |
| STATE OF MAINE, et al., | ) |
| | ) |
| Defendants | ) |

**MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO AMEND;
RECOMMENDED DECISION AFTER REVIEW OF PLAINTIFF'S
AMENDED COMPLAINT**

In his original complaint, Plaintiff alleged excessive force was used against him during a May 31, 2014, encounter with law enforcement officials. (ECF No. 1.) Following a review of the complaint in accordance with 28 U.S.C. § 1915(e)(2) and 29 U.S.C. §1915A(a), I recommended:

> [U]nless within the time to file an objection to this recommended decision, Plaintiff files an amended complaint in which he asserts an actionable claim against one or more of the named Defendants, the Court dismiss all state, county, and municipal entities named in the caption of Plaintiff's complaint. I also recommend the Court construe the complaint to assert a federal claim against Officer Troy Bires, and order service of the complaint against Officer Bires. Finally, I recommend the Court determine that Plaintiff cannot assert a claim on behalf of his wife, Vicki Barnard, and, to the extent Plaintiff has asserted a claim on her behalf, the Court dismiss the claim, subject to Vicki Barnard's right to assert a claim on her own behalf.

(Recommended Decision at 5, ECF No. 4.) Plaintiff subsequently moved to amend his complaint. (ECF No. 11.) The matter is before the Court on Plaintiff's motion to amend, through which motion Plaintiff seeks to reassert his claims against the previously named defendants, join numerous additional defendants in his claim based on his encounter with law enforcement, and assert claims against a group of defendants based on conditions of confinement at the Somerset County Jail.

Federal Rule of Civil Procedure 15(a)(1) permits Plaintiff to amend his complaint once as a matter of course within 21 days of service of the complaint. Because of the preliminary review and recommended decision, the complaint has not been served upon any Defendant. In accordance with Rule 15, therefore, Plaintiff's motion to amend is granted.

Given that Plaintiff is a prisoner proceeding in forma pauperis, and given that he seeks relief from governmental entities, officers, and employees, his amended complaint is subject to preliminary screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(a). After the review, I recommend the Court dismiss Plaintiff's federal and state claims against the State of Maine, the Maine State Police, and Maine Attorney General Janet Mills, dismiss Plaintiff's federal claim against the municipal defendants, and dismiss or sever Plaintiff's claims regarding the conditions of confinement at the Somerset County Jail.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or

(2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013).

## DISCUSSION

Through his motion to amend and his amended complaint, Plaintiff provides more detailed factual allegations in an attempt to cure the pleading deficiencies identified in the recommended decision. In addition, Plaintiff attempts to add new claims related to conditions of confinement at the Somerset County Jail.

**A.      Plaintiff's Claims Regarding the May 31, 2014, Encounter with Law Enforcement**

In the amended complaint, Plaintiff asserts two types of claims arising from the May 31, 2014, encounter. (Am. Compl. at 1.) First, Plaintiff alleges an excessive force claim under 42

3

U.S.C. § 1983. "Section 1983 allows people within the jurisdiction of the United States to bring civil lawsuits against those who, under color of law, deprive them 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Ayotte v. Barnhart*, 973 F. Supp. 2d 70, 78 (D. Me. 2013) (quoting 42 U.S.C. § 1983). Plaintiff also asserts state law claims for assault and negligence.

### 1. *Claims against officers*

In the amended complaint, Plaintiff asserts "enough facts to state a claim to relief that is plausible on its face" for excessive force against some of the named defendants. *Twombly,* 550 U.S. at 570. That is, Plaintiff has alleged facts sufficient to state a claim against the named defendants who allegedly participated in the May 31 incident.

As alleged, Defendant Bires pointed a gun in Plaintiff's face and Defendant Duff shot Plaintiff. Plaintiff also alleges that Defendant Tokas was present and that every officer present at the scene "assaulted and attacked" Plaintiff and his wife while they were in their trailer home, including by shooting into the home, throwing rocks at the home, trying to break a window with a robot, and using an armored vehicle to penetrate and push the home. (Am. Compl. ¶¶ 18, 24.) Plaintiff, therefore, has stated a section 1983 excessive force claim against Defendants Bires, Duff and Tokas.[1]

Plaintiff, however, has alleged no facts that would support a federal claim against any of the other named defendants based on his encounter with law enforcement. That is, Plaintiff has not alleged the other defendants were present at the scene, nor has he alleged facts from which a fact finder could reasonably determine that any of the other defendants were responsible under

---

[1] Plaintiff has also asserted an actionable state law tort claim against Defendants Bires, Duff and Tokas despite the immunity for discretionary acts afforded by the Maine Tort Claims Act, 14 M.R.S. § 8111(1)(C). "If an officer uses excessive force in executing an arrest, such action is beyond the scope of the officer's discretion." *Richards v. Town of Eliot*, 780 A.2d 281, 282 (Me. 2001).

federal law for the actions of Defendants Bires, Duff and Tokas. Accordingly, Plaintiff has failed to state a claim against Rob Angelo, Harold Page, Robert Williams, the Hancock County Sheriff, and Deputies Campbell and Frost.

### 2. *Claims against the State of Maine*

Plaintiff has not alleged an actionable § 1983 claim against the State of Maine and the Maine State Police. The State of Maine and its agencies are not amenable to suit on a claim for violation of federal rights brought pursuant to § 1983. *See Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64 (1989); *Wang v. New Hampshire Bd. of Registration in Med.,* 55 F.3d 698, 700 (1st Cir. 1995). Moreover, absent consent or waiver, the State of Maine and its agencies are immune under the Eleventh Amendment from money damage suits by private citizens brought in federal court, which immunity applies both to Plaintiff's federal claims and to his state claims. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984); *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 662 (1st Cir. 2010); *Warren v. Maine State Prison*, 490 F. Supp. 2d 9, 12 n.1 (D. Me. 2007); 14 M.R.S. § 8118.[2]

### 3. *Claims against the municipal entities*

Plaintiff has also failed to state an actionable § 1983 claim against the City of Ellsworth, the Ellsworth Police Department, the City of Bangor, and the Bangor Police Department. To assert a section 1983 claim against a municipal entity, Plaintiff must allege facts that would support a plausible finding that the constitutional violation was based on a custom or policy. *Saldivar v.*

---

[2] Pursuant to § 8118 of the Maine Tort Claims Act:

> Nothing in this chapter or any other provision of state law shall be construed to waive the rights and protections of the State under the Eleventh Amendment of the United States Constitution, except where such waiver is explicitly stated by law and actions against the State for damages shall only be brought in the courts of the State in accordance with this chapter.

*Racine*, 818 F.3d 14, 20 (1st Cir. 2016).  Plaintiff has not identified a policy or custom maintained by the City of Ellsworth/Ellsworth Police Department or the City of Bangor/Bangor Police Department pursuant to which the individual defendants acted.  Plaintiff also has not identified an official employed by either municipality who was involved in the encounter or supervised the officers at the time, who also had the authority to establish municipal policy or custom regarding the encounter, and whose conduct reflected deliberate indifference to a grave risk of harm.  *Id.*

### 4.    *Claims against the Attorney General*

Plaintiff has not asserted any facts to suggest that the Attorney General participated in or supervised anyone who participated in Plaintiff's encounter with law enforcement.  Additionally, to the extent Plaintiff asserts claims against the Attorney General in her official capacity, the claims are essentially against the state and thus fail.  *Will*, 491 U.S. at 71 ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself.").

**B.    Plaintiff's Claims Involving Conditions of Confinement at the Somerset County Jail**

Plaintiff included in his amended complaint claims against defendants who were not involved in the May 31, 2014, incident with law enforcement officials.  In particular, Plaintiff asserts claims against multiple defendants, including corrections personnel and medical care providers, based on certain conditions of confinement at the Somerset County Jail.  The claims include allegations of deliberate indifference to medical needs, one or more incidents of excessive force in the prison context, the violation of due process, and disability discrimination.

Although Plaintiff has arguably asserted sufficient facts to state a claim against at least some of the Somerset County Defendants, Plaintiff's claims should nevertheless be dismissed

without prejudice. The Federal Rules of Civil Procedure permit defendants to be joined in one action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a). "The purpose of the rule is 'to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits.'" *Arista Records LLC v. Does 1-27*, 584 F. Supp. 2d 240, 251 (D. Me. 2008) (quoting 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652, at 395 (3d ed. 2001)).

Plaintiff's attempt to join the Somerset County Defendants in this action arising out of a distinct incident on May 31, 2014, does not satisfy the Rule 20 standard for permissive joinder. The matters do not arise out of the same incident, nor do they involve common questions of law or fact. Furthermore, the joinder of the claims would not otherwise promote trial convenience or judicial economy. Plaintiff, therefore, should not be permitted to join all of the claims in one action.[3]

#### CONCLUSION

Based on the foregoing analysis,

1. Plaintiff's Motion to Amend (ECF No. 11) is granted, and Plaintiff's proposed amended complaint is accepted for filing and will be docketed as the operative pleading;

---

[3] Without commenting on the merit of Plaintiff's potential claims against the Somerset County Defendants, the recommendation is not intended to preclude Plaintiff from asserting the claims in a separate action.

2. The June 14, 2016, Recommended Decision (ECF No. 4) is withdrawn as it relates to the claims Plaintiff asserted on his behalf;

3. The June 14, 2016, Recommended Decision (ECF No. 4) remains for the Court's consideration as to the recommended dismissal of the claim Plaintiff attempted to assert on behalf of Vicki Barnard;[4]

4. I recommend that the Court dismiss Plaintiff's claims against the State of Maine, the Maine State Police, and Attorney General Janet Mills, Harold Page, Rob Angelo, the City of Ellsworth, the Ellsworth Police Department, the City of Bangor, the Bangor Police Department, Robert Williams, the Hancock County Sheriff, and Deputies Campbell and Frost;

5. I recommend the Court dismiss without prejudice to Plaintiff's ability to assert a separate action the claims against the Somerset County Defendants, or sever the claims against the Somerset County Defendants;[5] and

6. I recommend the Court order service of the amended complaint upon Troy Bires, Scott Duff, and Barton Tokas.

**NOTICE**

Any objection to this Memorandum of Decision and Recommended Decision shall be filed in accordance with Fed. R. Civ. P. 72. With respect to the order on Plaintiff's Motion to Amend, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive

---

[4] In the amended complaint, Plaintiff did not address the claim of Vicki Barnard.

[5] In the event the Court severs the claims, the claims would be subject to review pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. §1915A(a) before service upon any of the named Somerset County Defendants.

memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 19th day of August, 2016.