UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JEFFREY PAUL BARNARD,<br><br>Plaintiff,<br><br>v.<br><br>TROY BIRES,<br>SCOT T DUFF, and<br>BARTON TOKAS ,<br><br>Ellsworth Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Case No: 1:16-cv-00276-JAW** |

**DEFENDANTS BIRES AND TOKAS' ANSWER TO AMENDED COMPLAINT AND JURY TRIAL DEMAND**

NOW COME Troy Bires and Barton Tokas (collectively, "Ellsworth Defendants"), by and through undersigned counsel, and answer Plaintiff's Amended Complaint as follows:

**INTRODUCTION**

The allegations contained in this Introduction paragraph call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Ellsworth Defendants deny the allegations contained in this Introduction paragraph of the Amended Complaint.

**II.  JURISDICTION**

1. The allegations contained in paragraph 1 of the Amended Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Ellsworth Defendants deny the allegations contained in paragraph 1 of the Amended Complaint.

2. The allegations contained in paragraph 2 of the Amended Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Ellsworth Defendants deny the allegations contained in paragraph 2 of the Amended Complaint.

### III. PARTIES

3. Ellsworth Defendants admit Plaintiff was shot by a Maine State Trooper but deny the remaining allegations contained in paragraph 3 of the Amended Complaint.

4. The allegations contained in paragraph 4 of the Amended Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Ellsworth Defendants deny the allegations contained in paragraph 4 of the Amended Complaint.

5. Ellsworth Defendants admit that Tokas and Bires work for the Ellsworth Police Department and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Amended Complaint and, therefore, deny the same.

6. The allegations contained in paragraph 6 of the Amended Complaint contain no assertion of fact so no response is necessary.

7. The allegations contained in paragraph 7 of the Amended Complaint are not against Defendants Tokas and Bires so no response is necessary.

8. The allegations contained in paragraph 8 of the Amended Complaint are not against Defendants Tokas and Bires so no response is necessary.

9. The allegations contained in paragraph 9 of the Amended Complaint contain no assertion of fact so no response is necessary.

10. Ellsworth Defendants admit that Bires and Tokas acted at all times under color of state law.

## IV. FACTS

11. Ellsworth Defendants admit the allegations contained in paragraph 11 of the Amended Complaint.

12. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and therefore deny the same.

13. Ellsworth Defendants admit the allegations contained in paragraph 13 of the Amended Complaint.

14. Ellsworth Defendants admit the allegations contained in paragraph 14 of the Amended Complaint.

15. Ellsworth Defendants admit the allegations contained in sentences 1, 3 and 4 of paragraph 15 of the Amended Complaint but deny the remaining allegations contained in paragraph 15 of the Amended Complaint.

16. Ellsworth Defendants deny the allegations contained in the first sentence of paragraph 16 of the Amended Complaint. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint and therefore deny the same.

17. Ellsworth Defendants admit the allegations contained in sentences 1, 2 and 4 of paragraph 17 of the Amended Complaint but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17 and therefore deny the same.

18. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the first and second sentences of paragraph 18 of the Amended Complaint and therefore deny the same. Ellsworth Defendants admit that Plaintiff was told to show his hands but deny the remaining allegations contained in the last sentence of paragraph 18 of the Amended Complaint. Ellsworth Defendants deny the remaining allegations contained in paragraph 18 of the Amended Complaint.

19. Ellsworth Defendants deny the allegations contained in paragraph 19 of the Amended Complaint.

20. Ellsworth Defendants deny the allegations contained in paragraph 20 of the Amended Complaint.

21. Ellsworth Defendants deny the allegations contained in paragraph 21 of the Amended Complaint.

22. Ellsworth Defendants deny the allegations contained in the first and fourth sentences of the Amended Complaint. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in the second sentence of paragraph 22 and therefore deny the same. Ellsworth Defendants admit the remaining allegations contained in paragraph 22 of the Amended Complaint.

23. Ellsworth Defendants deny the allegations contained in the first, second, third, fourth, fifth and tenth sentences of the Amended Complaint. Ellsworth Defendants admit the allegations contained in the sixth and seventh sentences contained in paragraph 23 of the Amended Complaint. Ellsworth Defendants admit the allegations contained in the eighth sentence but deny this occurred before Plaintiff showed the gas can. Ellsworth Defendants admit that the door was shut after more comments by Plaintiff.

24. The allegations contained in paragraph 24 of the Amended Complaint are not against Bires and Tokas so no response is required.

25. The allegations contained in paragraph 25 of the Amended Complaint are not against Bires and Tokas so no response is required.

26. The allegations contained in paragraph 26 of the Amended Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Ellsworth Defendant deny the allegations contained in paragraph 26 of the Amended Complaint.

27. Ellsworth Defendants are without knowledge or information sufficient to form a believe as to the truth of the allegations contained in paragraph 27 of the Amended Complaint and therefor deny the same.

28. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Amended Complaint and therefore deny the same.

29. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Amended Complaint and therefore deny the same.

30. The allegations contained in paragraph 30 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

31. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended Complaint and therefore deny the same.

32.     Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint and therefore deny the same.

33.     Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and therefore deny the same.

34.     The allegations contained in paragraph 34 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

35.     The allegations contained in paragraph 35 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

36.     The allegations contained in paragraph 36 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

## V.  MISUSE OF FORCE AND DEADLY/LEATHAL FORCE

37.     Ellsworth Defendants admit that initial dispute of Bires was for a civil dispute and deny the remaining allegations contained in paragraph 37 of the Amended Complaint.

38.     The allegations contained in paragraph 38 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

39.     The allegations contained in paragraph 39 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

## VI.  DENIAL OF DUE PROCESS

40.     The allegations contained in paragraph 40 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

41. Ellsworth Defendants deny the allegations contained in paragraph 41 of the Amended Complaint.

## VIII. DENIAL AND DELAY OF PROPER MEDICAL CARE

42. Ellsworth Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Amended Complaint and therefore deny the same.

43. The allegations contained in paragraph 43 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

44. The allegations contained in paragraph 44 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

45. The allegations contained in paragraph 45 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

46. The allegations contained in paragraph 46 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

47. The allegations contained in paragraph 47 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

48. The allegations contained in paragraph 48 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

49. The allegations contained in paragraph 49 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

50. The allegations contained in paragraph 50 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

51. The allegations contained in paragraph 51 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

52. The allegations contained in paragraph 52 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

53. The allegations contained in paragraph 53 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

54. The allegations contained in paragraph 54 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

55. The allegations contained in paragraph 55 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

56. The allegations contained in paragraph 56 of the Amended Complaint are not against Defendant Bires or Defendant Tokas so no response is required.

### IX.  CLAIMS FOR RELIEF

57. To the extent the allegations contained in paragraph 57 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

58. To the extent the allegations contained in paragraph 58 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

59. To the extent the allegations contained in paragraph 59 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

60. To the extent the allegations contained in paragraph 60 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

61. To the extent the allegations contained in paragraph 61 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

62. To the extent the allegations contained in paragraph 62 of the Amended Complaint are made against Defendant Bires or Defendant Tokas, they are denied.

## X. RELIEF REQUESTED

WHEREFORE, Ellsworth Defendants respectfully request judgment in their favor on all Counts of Plaintiff's Amended Complaint, plus their costs of suit.

## JURY DEMAND

Ellsworth Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## AFFIRMATIVE DEFENSES

1. Defendants affirmatively defend by stating that Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the statute of limitations.

3. Defendants affirmatively defend by stating that their conduct was privileged.

4. Defendants affirmatively defend by stating that Plaintiff has failed to mitigate his own damages and/or that any damages he allegedly suffered were caused by the actions of persons other than these Defendants.

5. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred for failure to comply with the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

6. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the immunity provisions of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq.

7. Defendants affirmatively defend by stating that Plaintiff's Complaint is barred by the doctrine of absolute immunity and/or qualified immunity.

8. If any of Defendants' acts are found to have been unlawful and/or unconstitutional, Defendants had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

10. Any action taken by these Defendants was based upon probable cause.

11. Defendants' conduct did not rise to the level of a constitutional violation, but, at most, amounts to a common law tort.

12. No clearly established rights of Plaintiff were violated by any conduct of these Defendants.

13. The amount of force used by these Defendants, if any, was objectively reasonable in light of the facts and circumstances surrounding the incident.

14. The amount of force used, if any, by these Defendants was only that amount which these Defendants subjectively believed was reasonable and necessary under the circumstances.

15. Plaintiff's claim is barred by the doctrine of estoppel and/or preclusion.

16. At the time deadly force was used against Plaintiff by Defendant Huff, neither Defendant Bires nor Defendant Tokas were present at the scene of the standoff that took place at Plaintiff's camper, so neither officer was in position to observe any allegedly unlawful use of force against Plaintiff or to intervene and stop any such alleged unlawful use of force.

17. These Defendants were not present at any correctional facility in which Plaintiff was denied medical care, as alleged in the Amended Complaint, and played no role in any decisions related to his medical treatment.

Dated:  October 26, 2017

              */s/ Edward R. Benjamin, Jr.*
              Edward R. Benjamin, Jr.
              Kasia S. Park

              Attorneys for Ellsworth Defendants
              Troy Bires and Bart Tokas

              Drummond Woodsum
              84 Marginal Way, Suite 600
              Portland, ME  04101
              (207) 772-1941
              ebenjamin@dwmlaw.com
              kpark@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Edward R. Benjamin, Jr., hereby certify that on **October 26, 2017,** I electronically filed the above Ellsworth Defendants' Answer to Plaintiff's Amended Complaint and Jury Trial Demand with the Clerk of Court using the CM/ECF system which will send notification of such filings(s) to all parties of record.  A copy of the foregoing has also been sent to Plaintiff via U.S. First Class Mail Postage Prepaid to:

  Jeffrey Barnard
  10533-036
  SCHUYLKILL
  Federal Correctional Institution
  Inmate Mail/Parcels
  P.O. Box 759
  Minersville, PA 17954

              */s/ Edward R. Benjamin, Jr.*
              Edward R. Benjamin, Jr.
              *Attorney for Ellsworth Defendants*
              Drummond Woodsum
              84 Marginal Way, Suite 600
              Portland, ME  04101
              (207) 772-1941
              ebenjamin@dwmlaw.com