UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| JEFFREY PAUL BARNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-cv-00276-LEW |
| | ) | |
| TROY BIRES, | ) | |
| | ) | |
| Defendant | ) | |

### ORDER

In this action, Jeffrey Paul Barnard ("Plaintiff") alleges that Troy Bires ("Defendant"), while serving as a law enforcement officer for the City of Ellsworth, pointed his service weapon at Plaintiff, without reasonable cause, thereby depriving Plaintiff of his Fourth Amendment right to be free from excessive force and/or unreasonable seizures. The particulars of the claim are set forth in Magistrate Judge John Nivison's March 22, 2019 Recommended Decision on Defendants' Motion for Summary Judgment (ECF No. 68), at pages 17-21.

The matter has been pending trial since the parties waived objection to the Recommended Decision, and trial has been postponed due to Plaintiff's incarceration, medical complications, and the COVID pandemic. During that time, the parties have presented the following motions now under advisement:

1. **Defendant's motion (ECF No. 101) to exclude testimony and exhibits related to Plaintiff's allegations of mishandling of legal documents and related mistreatment while in custody (see ECF No. 60).**

There is no relevant connection between events that may have transpired during Plaintiff's incarceration and the claim against Defendant. Nothing within the documents attempts to speak to the events at issue. Plaintiff's previous attempt to amend his complaint to include counts regarding his missing legal documents highlight their irrelevance to the § 1983 excessive force claim. The Court has already rejected the Plaintiff's attempt to amend his complaint to add counts to which these documents would be relevant. (*See* ECF. No. 68, 69).

The motion is GRANTED. Testimony and exhibits related to treatment Plaintiff may have received from corrections officers are not relevant to this case and are therefore excluded.

**2. Defendant's motions to exclude (ECF Nos. 102, 128) and Plaintiff's motion to supplement exhibit list (ECF No. 120) re. testimony and/or exhibits associated with Plaintiff's hospitalization and ongoing course of treatment after being shot (by a different officer) at the conclusion of a police standoff.**

Although Defendant was not the one who shot Plaintiff on June 1, 2014, Plaintiff argues that Defendant's actions ignited the chain of events that led to him being shot. Although Plaintiff's theory of causation may be tenuous, ultimately the jury will resolve the issue. Evidence of Plaintiff's gunshot wound may be relevant to his measure of damages if the jury finds in his favor as to Defendant's liability.

As to whether such evidence should be admissible over a Rule 403 objection, it is too early to evaluate. I note that the fact of Plaintiff's gunshot wounds is not in dispute. Assuming that such injuries may be relevant, it does not necessarily follow that limitless images and descriptions of the wounds will clear the Rule 403 hurdle.

Accordingly, I reserve ruling for trial the issues raised in Defendant's motions (ECF Nos. 102, 128) and Plaintiff's motion (ECF No. 120).

### 3. Plaintiff's motion to exclude evidence pertaining to his criminal record (ECF No. 122)

I agree, and so does the Defendant, that the Plaintiff's criminal record is inadmissible as propensity evidence. "Rule 403(b) codifies the common law prohibition against the admission of propensity evidence . . . ." *United States v. Lynn*, 856 F.2d 430, 434 (1st Cir. 1988).

"Evidence of prior bad conduct is, however, often admitted for other relevant and legitimate reasons not intended to reflect upon the character of the accused." *Id.* The First Circuit has provided a clear two-step framework when presented with this type of evidence. *Id.* However, the Court cannot deploy this framework until the evidence is offered and the Court has a chance to evaluate the proponent's offer of proof and any objections. Also, Rule 609 provides an additional, more mechanical way in which evidence of Plaintiff's criminal convictions may be admitted. Defendant's prior conviction(s) under Rule 609 will be admitted if punishable by death or by imprisonment for more than one year. If more than 10 years have passed since the conviction or release from confinement, whichever is later, I will have to engage a balancing of the probative value versus prejudicial effect to Plaintiff.

Without the benefit of a description of specific convictions, if any, Defendant wishes to introduce into evidence, I am not prepared to make a categorical ruling on its admissibility. Plaintiff's motion is DENIED, without prejudice to Plaintiff's ability to object at trial.

### 4. Defendant's motion to conduct a trial deposition via Zoom (ECF No. 133)

Defendant seeks leave to depose Bartus Tokas remotely using Zoom, a platform Plaintiff can access in order to participate in the deposition. Plaintiff opposes the request, but it is apparent that Plaintiff has the means of viewing and hearing the witness and also communicating his own questions should he have them.

It is sensible for the parties to depose a witness they both intend to call at trial. Accordingly, the proposed deposition is authorized, pursuant to Federal Rule of Civil Procedure 30(b), provided that the deposition is recorded by audiovisual and stenographic means and is conducted before a court reporter who may also attend by remote means and who will certify both a transcript and audiovisual recording. Defendant will bear the costs. By granting the motion, I have not predetermined extent to which a video or transcript will be admitted in lieu of live testimony. I note this given Defendant's suggestion he intends to secure a "trial deposition."

The motion is GRANTED.

### 5. Plaintiff's request for telephonic hearing (ECF No. 140)

Plaintiff would like Defendant to produce his law enforcement "service record." Evidently, Plaintiff did not request the same during discovery. Discovery is now closed, so the request is out of order. Plaintiff otherwise wishes to discuss the logistics of the upcoming trial, including health and safety concerns and whether Mr. Tokas will appear to testify. The Court will set a hearing at an appropriate time to discuss these matters. Motion DENIED.

### 6. Plaintiff's motion for leave to file special verdict form (ECF No. 141)

Before the end of trial, I will request of the parties their proposed jury instructions, to include the special verdict questions they would like me to submit to the jury. Plaintiff's motion and attachment are now of record, rendering his motion effectively MOOT. Plaintiff is advised that he will have further opportunity to offer requests of this kind and should not offer them by way of motion.

### 7. Plaintiff's motion to appoint counsel (ECF No. 142)

Plaintiff, understandably, would like assistance presenting his case at trial. The Court has some interest in this request as well, given the desire to conduct an orderly proceeding. However, Plaintiff does not have an absolute right to have the public pay for a lawyer to pursue his cause. Nor am I persuaded that it would be appropriate to have Defendant or the City of Ellsworth foot the bill.

> This being a civil case, there is no constitutional right to counsel and the statutory authority, 28 U.S.C. § 1915, is discretionary. *See Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir.1986). Moreover, [a trial court's denial of counsel is] reversible error only if "exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on [plaintiffs'] due process rights." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991).

*King v. Greenblatt*, 149 F.3d 9, 14 (1st Cir. 1998).

As indicated previously, Plaintiff's civil action involves a straightforward application of Fourth Amendment law in the context of an equally straightforward factual dispute. Plaintiff's request that the Court secure him counsel is DENIED. However, should Plaintiff identify an attorney admitted to practice in this Court who is willing to represent him at trial, the Court will consider a further petition for fees to make that possible.

### 8. Plaintiff's motion for protection and other assistance (ECF No. 143)

Plaintiff requests protection from trial in April due to his wife's recent passing and also due to dental and mental health concerns. The motion is GRANTED as to this request. The evidentiary matter of his wife's dying declaration concerning events that inform this action – a matter Plaintiff references in his motion – is a matter for trial consideration absent a prior motion in limine that includes a memorandum of law. The Court will recognize the declaration as one of Plaintiff's proposed exhibits, without prejudice to Defendant's ability to pose objection.

Plaintiff also asks that court-sponsored mediation take place to assist in the settlement of this action. However, although court-annexed alternative dispute resolution is available, it is a voluntary process. Absent Defendant's joinder in the request, it will not be compelled. D. Me. Loc. R. 83.11.

The entry will be that the motion is GRANTED IN PART and DENIED IN PART.

**SO ORDERED.**

Dated this 9th day of April, 2021.

                                                   /s/ Lance E. Walker  
                                                   UNITED STATES DISTRICT JUDGE